United States District Court
Southern District of Texas
**ENTERED**
April 20, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOGGETT COMPANY, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-16-2673 |
| | § | |
| THERMO KING CORPORATION, | § | |
| Defendant. | § | |

## ORDER

This matter is before the court on competing motions to compel discovery (Dkt. 40 (plaintiff) and Dkt. 41 (defendant)). The motions are granted in part and denied in part.

## Background

Plaintiff Doggett Company, LLC has sued defendant Thermo King for violation of § 57.102 of the Fair Practices of Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act (the Dealership Act). Thermo King manufactures transport temperature control products and sells them through a network of dealerships. Doggett contacted Thermo King by letter about purchasing two Thermo King dealerships in Texas known as the Kirby Dealerships. Thermo King informed Kirby and Doggett that it would not approve a proposed sale of the Kirby Dealerships to Doggett because Doggett is affiliated with a trucking business. Thermo King calls this its "OEM" policy. Doggett contends Thermo King violated the Dealership Act because the trucking business/OEM policy is not a reasonable requirement consistently imposed by Thermo King. Thermo King's primary position is that

the protections of the Dealership Act were not triggered by Doggett's letter. Doggett seeks both injunctive relief and lost profits damages.

1.   **Doggett's Motion to Compel (Dkt. 40).**

Doggett seeks supplemental responses to its request for production No. 3 and interrogatories No. 3 and 12. *See* Dkt. 40 at 3-7. This discovery is aimed at determining whether Thermo King's stated reason for not approving Doggett's purchase reflects "reasonable requirements consistently imposed for dealership transfers."

Doggett's requests will be limited to the time period 2011 to present. They are further limited to information related to Thermo King's OEM policy prohibiting dealers from being affiliated with a trucking company, not all requirements for dealership approval. Thermo King has already agreed to produce documents related to two companies approved for dealerships since 2011 that appear inconsistent with that OEM policy, one in Hawaii and one in Maine.

With the above modifications, Doggett's motion to compel is granted as follows. Thermo King is ordered to conduct a reasonable search of its dealership development department for documents dated 2011 to present that refer to its trucking business/OEM policy, including communications to potential dealers regarding the policy, and emails to or from the head of the department, Timothy Minor, and his predecessor on that topic. Thermo King is further ordered to supplement its response to interrogatory 12 to identify any buyer

who made an informal request or inquiry about becoming a Thermo King dealer but was rejected based on the trucking business/OEM policy.

## 2. Thermo King's motion to compel (Dkt. 41)

Thermo King seeks production of a wide range of financial documents from Doggett and related entities on the grounds that they are relevant to Doggett's alternative claim for lost profits. Thermo King also seeks documents related to whether other manufacturers or suppliers have requirements similar to its trucking business/OEM policy.

Thermo King has persuaded the court that it is entitled to financial information beyond that reviewed or relied upon by Doggett's expert. For example, documents related to the source of funds Doggett had available for the purchase might be relevant to rebut the methodology and assumptions made by the expert. However, the requests at issue will be limited to documents related to the plaintiff here and its 3 affiliated operating companies, not the owner Leslie Doggett personally (except to the extent Mr. Doggett personally was the intended source of funds, in which case Thermo King may revisit this restriction with a reasonable request for limited additional information from him). Further, the requests will be limited in time to 2011 to the present.

Limited discovery into other suppliers' policy restrictions on dealership transfers might be appropriate here on the following condition. If Doggett intends to argue that Thermo King's OEM policy is unreasonable because it is not imposed by other equipment suppliers, then Doggett's dealership agreements with its suppliers are relevant and subject to

3

production.[1] Doggett may avoid this production only if it stipulates that it does not intend to present evidence regarding the transfer restrictions of other equipment suppliers.

**Conclusion**

The motions to compel (Dkts. 40, 41) are granted in part and denied in part as stated above. The parties are to produce the compelled information within 14 days of entry of this order.

Signed at Houston, Texas on April 20, 2017.

Stephen Wm. Smith
United States Magistrate Judge

---

[1] If the current protective order is insufficient for this purpose, the parties are to agree to an appropriate amended protective order.